David W. Reichel, Esq. (018121)
**OSWALT LAW GROUP, PC**
300 West Clarendon Avenue, Suite 290
Phoenix Arizona 85013
Tel: (602) 773-5694| Fax: (602) 773-5739
davidr2@oswaltlawgroup.com
*Attorneys for Debtors*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF ARIZONA

In re:

DAVID SCOTT MARTIN, SR.,
BERNICE ANN STONE,

Debtors.

In Proceedings Under Chapter 13

Case No. 0:17-bk-08880-PS

**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPROVAL OF ATTORNEY FEES**

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan ("Plan") of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amount of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| Months | Payments |
|---|---|
| **1-60** | **$1,520.00** |

The payments are due on or before the 31 day of each month commencing August, 2017. Debtors are instructed to remit all payments on or before the stated due date each month. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed. This requirement is effective regardless of Plan Payments suspensions, waivers or moratoriums, and must be included in any Plan confirmation Orders.

The Debtors shall provide, directly to the Trustee copies of their federal and state income tax returns, for post-petition tax years 2017-2021, within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) <u>Other Property</u>. None. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION**. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS**. Claims shall be classified as listed below. **The Plan and this Order shall not constitute an informal proof of claim for any creditor.** This Order does not allow claims. Claim allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses</u>.
<u>Attorney Fees</u>. Oswalt Law Group, P.C., shall be allowed total compensation of $4,500.00 as a flat fee, to include all services listed in paragraph (F)(1) except for adversary proceedings. Counsel received $3,000.00 prior to filing this case and will be paid $1,500.00 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property</u>:
Shellpoint Mortgage Servicing, secured by a first deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of $13,746.82 with 0% interest. Regular post-petition payments will be made outside the Plan directly to the secured creditor by Debtors.

(3) <u>Claims Secured by Personal Property</u>:
One Stop Check Cashing, secured by a lien in a 2000 Ford F250 Super Duty Crew Cab, shall be paid a secured claim of $2,901.00 with 6.25% interest. The creditor will receive adequate protection payments of $ 30.00 per month. The balance of the claim shall be classified as unsecured.
Merrill Lynch, Walmart 401(k) Plan Debtors will pay direct to creditor.

(4) <u>Unsecured Priority Claims</u>: None.

(5) <u>Surrendered Property</u>.
Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property: None.

(6) <u>Other Provisions: Leases and Unexpired Executory Contracts</u>.

| Assumed: | Arrearages | Date |
| --- | --- | --- |
| Sprint: Cell Phone Service Provider | 0 | Date of Filing |

(7) <u>Unsecured Non-priority Claims.</u> Claims allowance is determined by §502 and the Federal Rules of Bankruptcy Procedure. In this case, all other timely filed claims shall be paid 100% of their allowed unsecured claims prior to the completion of the Plan. Any modified plan or motion for moratorium must provide for payment of all claims in full before the Debtors shall receive a discharge. Upon completion of the Plan, any unfiled claims, may be discharged as provided in 11 U.S.C. §1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in the Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. §1306.

## ORDER DATED AND SIGNED ABOVE

APPROVED AS TO FORM AND CONTENT BY:



Russell Brown
2018.03.01 17:08:26
-07'00'

Russell Brown, Trustee

David W. Reichel, Attorney for Debtors

Ross Mumme, Esq.
Lakshmi Jagannath Esq.,
Attorneys for New Penn Financial, LLC
d/b/a/ Shellpoint Mortgage Servicing

In re: David Martin, Sr., & Bernice Stone
Case No. 0:17-bk-08880

| | |
|---|---|
| 1 | The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | _____ |
| 7 | David Scott Martin, Sr., Debtor |
| 8 | |
| 9 | |
| 10 | _____ |
| 11 | Bernice Ann Stone, Debtor |